09-0077-cr
USA v. Alonso (Batista)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand ten.

PRESENT:
>        GUIDO CALABRESI,
>        ROBERT A. KATZMANN,
>        BARRINGTON D. PARKER,
>
>                *Circuit Judges.*

————————————————————————————

UNITED STATES OF AMERICA,
>        *Appellee*,

>        v.                                    09-0077-cr
>                                              NAC

FERNANDO BATISTA,
>        *Defendant-Appellant.*

————————————————————————————

FOR DEFENDANT-
APPELLANT:              Daniel Nobel, New York, N.Y.

**FOR APPELLEE:**     Lauren Goldberg, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *of counsel*), *for* Preet Bharara, United States Attorney for the Southern District of New York.

UPON DUE CONSIDERATION of this appeal from the judgment of the United States District Court for the Southern District of New York (Stein, *J.*), it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Fernando Batista appeals the judgment of the United States District Court for the Southern District of New York, sentencing him to the mandatory minimum of 120 months imprisonment after his plea of guilty to one count of conspiring to distribute and to possess with the intent to distribute five kilograms and more of cocaine in violation of 21 U.S.C. § 846.  We assume the parties' familiarity with the facts of the case, its procedural history, and the issue on appeal.

On April 25, 2007, Batista pled guilty in New York State Supreme Court to a narcotics charge unrelated to the instant offense, for which he is now serving a six-year sentence, to run concurrently with a two-to-four-year state

sentence for bail jumping. In May 2007, he wrote a letter to the United States Attorney's Office for the Southern District of New York stating that he was in state custody and requesting that he face federal charges pending against him. Batista was transferred from state to federal custody in September 2007 but due to what Batista alleges to be "some level of inaction or even outright negligence on the part of the federal authorities" was not presented in federal court until April 4, 2008.

The District Court sentenced Batista to the mandatory minimum of 120 months imprisonment. In doing so, it imposed a sentence one month below the United States Sentencing Guidelines range of 121-150 months, citing "the factors in 18, U.S.C., 3553(a), and specifically, the fact that there were several months in which [Batista] was in the custody of the federal government before the authorities recognized that fact." It also instructed that the 120 month sentence would run concurrently with the undischarged state sentences. The District Court, however, rejected Batista's argument that it should "credit" the time he spent in federal custody from September 2007 to April 2008, finding it had no such authority.

Batista's sole argument on appeal is that the District

Court erred by stating that it did not have the authority to credit Batista for time he spent in presentence detention, even if the length of that time was attributable to negligence on the part of the Government. Generally the Bureau of Prisons, not a district court, has the authority to determine whether a defendant should receive credit for pre-sentence detention. *See United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998) ("[C]redit is granted by the Attorney General through the Bureau of Prisons after a defendant is sentenced, and although the defendant may, after exhausting his administrative remedies, obtain judicial review of that Bureau's determination, the credit is not to be granted by a district court at the time of sentencing." (internal quotation marks and alterations omitted)). Moreover, credit for prior custody is only authorized pursuant to 18 U.S.C. § 3585(b) where it "has not been credited against another sentence." Here, as the District Court correctly noted, Batista's time in pre-sentence federal custody was credited to his state sentence.

Batista does not rely on section 3585(b), however, but on an implicit equitable power that, he argues, might be inferred from a district court's authority to adjust a sentence pursuant to Guidelines § 5G1.3(b) and (c). This

4

argument is without merit.  As Batista readily conceded at the sentencing hearing, section 5G1.3(b) does not apply here.  And it is settled law in this Circuit that section 5G1.3(c) does not authorize a district court to credit a defendant for time already served.  *See United States v. Fermin*, 252 F.3d 102, 105 (2d Cir. 2001); *see also* USSG § 5G1.3(c), application note 3(e) ("Unlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment.").  We find unconvincing Batista's attempts to distinguish *Fermin* from this case.

We have reviewed all of Batista's arguments and have found each of them to be without merit.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk